# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, JR., | 1:12-cv-00322-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF AUDITA QUERELA |
| v. | |
| H.A. RIOS, JR., et.al. | [Doc. 1] |
| Respondents. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of error audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651.  Petitioner has consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  Local Rule 305(b).

In the instant writ, Petitioner seeks a refund of a one hundred dollar assessment associated with his underlying conviction by the United States District Court, District of South Carolina for numerous counts involving money laundering.

Petitioner has previously filed petitions in this Court presenting the same challenge set forth in the instant petition. See 1:10-cv-02131-LJO-MJS (HC) and 1:11-cv-1818-LJO-MJS (HC).[1]  The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D.

---

[1] In fact, Petitioner has previously filed several post-conviction petitions, as noted in case number 1:11-cv-01818 LJO MJS (HC), "

1

626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court takes judicial notice of the docket and docket orders in <u>Bryson v. United States of America</u>, 1:11-cv-01818-LJO-MJS (HC). On March 19, 2012, the Court adopted the Findings and Recommendation, and dismissed the writ with prejudice for failure to state a claim upon which relief could be granted. (ECF Nos. 9 & 12.) In that petition, Petitioner also sought relief based on the one hundred dollar assessment as part of his criminal sentence. In the Findings and Recommendation, the Court addressed the merits of Petitioner's claim and stated in pertinent part:

> Knowing that a claim may not be brought by way of a petition of habeas corpus, Petitioner attempts to pursue his claim by way of a petition for writ of audita querela. The petition, if considered a petition for writ of audita querela, still fails.
>
> As described in dismissing Petitioner's last petition for writ of audita querela, the writ is not a viable avenue of relief.
>
> Although Petitioner moves this court for a writ of audita querela, the arguments petitioner proffers in favor of his motion are essentially the same issues Petitioner raised on direct appeal, and in subsequent Section 2255 motions or requests for authorization to file successive Section 2255 motions. The only significant difference between Petitioner's past motions and the current petition is Petitioner's extensive reliance and factual comparison to <u>Kessack v. United States</u>, No. CV-05-1828, 2008 U.S. Dist. LEXIS 7739, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), a district court decision from the Western District of Washington granting a writ of audita querela and ordering the re-sentencing of a petition that presented similar sentencing issues under United States v. Booker, 543 U.S. 220, 245 (2005). The Court notes that the Kessack decision has not been followed by any of the courts that have subsequently considered it, and it is inconsistent with the law of this circuit holding that a writ of audita querela is not available for a claim that otherwise falls within the scope of § 2255 relief. See <u>U.S. v. Gamboa</u>, 608 F.3d 492, 494-95 (9th Cir. 2010 ("[Petitioner]'s reliance on Kessack is misplaced. It is contrary to the law of this Circuit").
>
> Petitioner has not shown why his present claim does not fall within the scope of habeas relief. Petitioner may not circumvent the contours of the habeas framework created by the AEDPA simply by considering his petition as a writ of audita querela. <u>In re Davenport</u>, 147 F.3d 605, 608 (7th Cir. 1998) (concluding that if the AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted [federal prisoners] to pass through the closed doors [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions).

(ECF No. 9, at 2-3.)

1    After weighing the equities of the case, the district court may exercise its discretion to
2 dismiss a duplicative later-filed action, to stay that action pending resolution of the previously
3 filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams
4 v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally
5 have 'no right to maintain two separate actions involving the same subject matter at the same
6 time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting
7 Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

8    In assessing whether a second action is duplicative of the first, the court examines
9 whether the causes of action and relief sought, as well as the parties or privies to the action, are
10 the same. Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action
11 in the two suits are identical pursuant to the transaction test, developed in the context of claim
12 preclusion. Id.  Second, the court determines whether the defendants are the same or in privity.
13 Privity includes an array of relationships which fit under the title of "virtual representation."
14 Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005).  "The necessary elements of virtual
15 representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691
16 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship
17 include a close relationship, substantial participation, and tactical maneuvering." Adams, 487
18 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

19    The court has discretion to dismiss a duplicative complaint with prejudice to prevent a
20 plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which
21 could have been resolved in one action."  Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of
22 Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

23    Here, Petitioner's challenge to the imposition of the one hundred dollar special
24 assessment fee was presented to this Court in case number 1:11-cv-01818-LJO-MJS (HC), which
25 was reviewed on the merits and dismissed for failure to state a cognizable claim.  Accordingly,
26 the instant writ of audita querela should be dismissed with prejudice.
27 ///
28 ///

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be dismissed with prejudice as successive; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 12, 2012              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE